In the Matter of MICHAEL P. FORDE, Petitioner, against FRANCIS W. H. ADAMS, as Police Commissioner of the City of New York, Respondent.

Supreme Court, Special Term, New York County, February 24, 1955.

*Daniel P. A. Sweeney* and *Irving A. Silverman* for petitioner.

*Leo A. Larkin, Acting Corporation Counsel (Maurice G. Fleischman* of counsel), for respondent.

HOFSTADTER, J. This application for an order directing the police commissioner of the City of New York to appoint the petitioner a probationary patrolman presents substantially the same questions as those in *Matter of Nathanson* v. *Adams* (207 Misc. 572).

The petitioner passed a competitive examination and was thereafter certified as qualified by the department of personnel of the city civil service commission. He is married and served in the merchant marine during the Korean War. In March, 1952, he was charged with impairing the morals of a minor and after a full hearing before one of the city magistrates the complaint against him was dismissed. He stated that he was never involved in any kind of trouble before and that because of this incident he has been denied appointment. He asserts that, in the circumstances, the refusal to appoint him is arbitrary. The respondent by way of cross motion moves to dismiss the petition

as a matter of law, on the ground that it does not state facts sufficient to state a cause of action for which relief may be had. It is argued by the respondent that he has the absolute power to make appointments from the names certified to him.

The views expressed in the opinion in the *Nathanson* case (207 Misc. 572) are equally applicable here. Presumptively at least the dismissal of the criminal charge against the petitioner imports that there was no basis for it. Since the respondent has not filed any answer, the papers show nothing to overcome this presumption. If the charge was unjust and the petitioner was, as he asserts, in fact protecting a young girl, rather than impairing her morals, his exclusion from the service solely because of this occurrence may conceivably be found to be arbitrary.

In the circumstances, the cross motion to dismiss is denied. The respondent may answer the petition within ten days after the service of a copy of this order with notice of entry.